IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW D. PRISET,  :
    Petitioner  :
  :  No. 1:17-cv-00336
v.  :
  :  (Judge Kane)
ATTORNEY GENERAL OF PA,  :
    Respondent  :

**MEMORANDUM**

On February 23, 2017, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 signed by Petitioner Matthew D. Priset ("Priset"). (Doc. No. 1.) Priset is incarcerated at the State Correctional Institution at Waymart, Pennsylvania ("SCI-Waymart"). (Id.) For the reasons that follow, the Court will dismiss Priset's habeas petition.

**I.    BACKGROUND**

Priset is serving a term of life imprisonment imposed after he was found guilty but mentally ill of inter alia, first-degree murder. (Doc. No. 1); see also Commonwealth v. Priset, Docket No. CP-59-CR-405-2011 (Tioga Cty. C.C.P.); 1763 MDA 2012, 2013 WL 11254791 (Pa. Super. Sept. 4, 2013).[1] The Superior Court set forth the background of the case as follows:

> Between 2008 and 2011, [Priset] was hospitalized at various times and hospitals for mental health treatment. Prior to his hospitalizations, [Priset] had been the valedictorian of his high school class, attended Princeton University on scholarship, graduated with a degree in engineering, and had no history of mental illness. He obtained employment at J.P. Morgan in New

---

[1] A federal habeas court may take judicial notice of state court records. Minney v. Winstead, Civ. No. 12-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly-available dockets of Priset's criminal and collateral post-conviction proceedings in the Court of Common Pleas of Tioga County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

1

> York, when, in approximately 2008, he began to experience symptoms of psychiatric illness. Following repeated hospitalizations and the persistence of his mental health problems, [Priset] returned to live with his parents in Tioga County, Pennsylvania. [Priset] became acquainted with the victim, Clinton Perry, through mutual friends in Tioga County, and spent time in the victim's home on a few occasions prior to the murder.
>
> On January 25, 2011, at approximately 10:36 p.m., [Priset] entered the basement of the victim's home and stabbed the victim in the chest with a knife, killing him. The victim's mother, Renee Perry, who was upstairs, heard the victim scream and ran to the basement where she saw [Priset] crouched on top of the victim. Mrs. Perry reached down to pull [Priset] away, and heard [Priset] yell that the victim was "a sadist". In the ensuing commotion, Mrs. Perry was thrown against a closet, and the victim was thrown against a door. Mrs. Perry observed a large amount of blood on the victim's shirt, and a knife on the floor. Mrs. Perry retrieved an unloaded gun from the closet she had fallen against, and pointed it at [Priset], instructing him to get out. [Priset], however, pulled the gun from her hands and ran away. [Priset] subsequently disposed of the gun near a railroad. The victim died as a result of stab wounds to his chest. Following an investigation, [Priset] was arrested and charged with the aforementioned crimes.
>
> On November 2, 2011, [Priset] filed a notice of his intent to pursue an insanity defense. A non-jury trial commenced on June 25, 2012, at the conclusion of which the trial court rendered its guilty verdicts.
>
> On August 20, 2012, following a sentencing hearing, the trial court sentenced [Priset] to life imprisonment on the charge of first-degree murder, with a recommendation that the sentence be served in a facility that provides mental health services. Additionally, the trial court sentenced [Priset] to a concurrent sentence of 3–6 years for burglary, and a concurrent 1–3 years for theft by unlawful taking.

Priset, 2013 WL 11254791, at *1.

## II. LEGAL STANDARD

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." Dunn v. Colleran, 247 F.3d 450, 468 (3d

Cir. 2001) (quoting Calderon v. Coleman, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. Engle v. Isaac, 456 U.S. 107, 128 (1982). "The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." Id. States also have a recognized interest in the finality of convictions that have survived direct review within the state court system. Brecht v. Abrahamson, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

## III. DISCUSSION

In his petition, Priset asserts that assigning him the same culpability required to convict an individual of first degree murder as that with a person found guilty but mentally ill of first degree murder, violates the Eighth Amendment. (Doc. No. 1 at 5.) Priset requests that this Court assign him a conviction without the guilty but mentally ill designation, because such designation ignores his mental state. (Id.) Respondent argues that the Court should dismiss Priset's petition because the conviction of guilty but mentally ill of first degree murder was

3

appropriate and such a conviction affords Priset the ability to obtain psychiatric or psychological treatment. (Doc. No. 14 at 2.) It appears that this issue was raised by Priset during direct review and affirmed by the Superior Court. See Priset, 2013 WL 11254791, at *2. In discussing Priset's guilty but mentally ill of first-degree murder conviction, the Superior Court explained:

> A person is guilty of first-degree murder when he commits an intentional killing, which is statutorily defined as "willful, deliberate, and premeditated." 18 Pa.C.S.A. § 2502(a) and (d). "In order to sustain a conviction of first-degree murder, the Commonwealth must prove beyond a reasonable doubt that: "(1) a human being was killed; (2) the accused caused the death; and (3) the accused acted with malice and a specific intent to kill." Commonwealth v. Chine, 40 A.3d 1239, 1242 (Pa. Super. 2012). "Premeditation and deliberation exist whenever the assailant possesses the conscious purpose to bring about death." Commonwealth v. Jordan, 65 A.3d 318, 323 (Pa. 2013). "[S]pecific intent to kill as well as malice can be inferred from the use of a deadly weapon upon a vital part of the victim's body." Id. See also Commonwealth v. Morris, 561 A.2d 1236, 1239 (Pa. Super. 1989) (citations omitted) ("a willful, deliberate and premeditated killing, as is required for a finding of first degree murder, is one where the actor has a specific intent to bring about the death of the victim").
>
> A determination that a defendant is guilty but mentally ill means that the defendant, "as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." 18 Pa.C.S. § 314; Morris, 561 A.2d at 1239. "It does not, however, indicate that appellant was unable to form a specific intent to bring about the victim's death." Id. Rather, "[a] person who has been found guilty of first degree murder but mentally ill has been found to meet the definition of mental illness given by 18 Pa.C.S. § 314(c)(1), and also to have committed an 'intentional killing,' 18 Pa.C.S. § 2502(a)." Id. at 1237.
>
> [Priset] claims that the evidence in this case was insufficient to support a finding that the killing was committed with malice, to support a first degree murder conviction. [Priset] argues that the testimony and evidence instead indicated that [he] was under the genuine influence of a delusion that that the victim was threatening him. As such, [Priset] argues he acted out of an unreasonable but genuine belief that he was under attack by the victim, which would

4

support a conviction for voluntary manslaughter rather than first-degree murder. See Commonwealth v. Briggs, 12 A.3d 291, 306, n. 14 (Pa. 2011) ("It is the presence of malice which distinguishes the offense of first-degree murder from other lesser crimes also involving an intentional and unlawful taking of a human life, such as voluntary manslaughter where the killer possesses an unreasonable belief the killing was justifiable.").

The trial court, in addressing [Priset's] claim, explained the rationale for its verdict as follows:

In this case, the victim died of a stab wound to the chest with injury to the heart. There was also a non-fatal laceration wound to the victim's throat. The victim also sustained other non-fatal lacerations to his left arm, jaw, right hand and abrasions of the torso and extremities. The physical evidence clearly demonstrates [Priset's] intent to kill Clinton Perry based upon his use of a knife on the torso/heart area of the body. Likewise, although not fatal, [Priset] attempted to slash the victim's throat as evidenced by the slashing knife laceration to the throat.

The physical evidence is bolstered by statements made by [Priset] in the letters he wrote to individuals after the murder. In the letter written to his Uncle Bruce and Aunt Kitty [House], [Priset] asked for their assistance in fashioning his defense. He stated that he "might get an acquittal on criminal homicide if I can show a lack of pre-meditation." In the letter he wrote to his friend Graham Zugarek, [Priset] stated that he is "glad that asshole is dead. He was jamming into my soul claiming to be Satan incarnate so I went over to his house and killed him with a steak knife." While his reasoning may appear to be illogical, he has clearly stated that he deliberately took a steak knife with him to the victim's home with clear intent to kill. [Priset] stated to Dr. Michals that he took his knife and tried to cut the victim's throat because he would "bleed a lot." His reference to establishing a lack of pre-meditation at a time when he had been receiving treatment and medication for mental illness tells the [trial] court that in hind-sight, he was creating his defense and attempting to justify his actions with the clear knowledge of what he had done.

Clearly, the evidence supports the [trial] court's finding that [Priset] committed murder in the first degree when he took the life of Clinton Perry. He is, without a doubt, mentally ill, but also guilty of first degree murder. He deliberately drove to the victim's home, taking the murder weapon with him, entered the home through a downstairs entrance which was not normally used by

5

visitors and attacked the victim by using a weapon on a vital part of the victim's body. He acted intentionally and consciously by taking a gun from Mrs. Perry and driving several miles to dispose of the weapon and returning home as if nothing unusual happened. The next day after the murder when confronted by the State Police, [Priset] corrected statements made by the officer about circumstances surrounding the killing. [Priset] never once mentioned to the State Police after the incident, nor to any of his friends or family his belief or delusion that [the victim] was "jamming his soul." The evidence presented concerning [Priset's] mental illness does not negate a finding of malice as [Priset] acted deliberately and with intention to kill [the victim].

\*\*\*

Pennsylvania jurisprudence supports the trial court's determination that [Priset] acted with malice, to support the conviction of guilty but mentally ill of first-degree murder. Our Courts have explained that malice, which is "[a] distinguishing feature of first degree murder . . . may be found from the circumstances surrounding the murder. Malice can be demonstrated by evidence of wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty." Commonwealth v. Hall, 701 A.2d 190, 200 (Pa. 1997) (citations and internal quotations omitted). "If the act of the defendant under all the circumstances properly gives rise to an inference that the appellant knew or should have known that the consequence of his act would be death or serious bodily harm, malice is present." Commonwealth v. Rawles, 462 A.2d 619, 923 (Pa. 1983) [(]quoting Commonwealth v. Gardner, 416 A.2d 1007 (Pa. 1980)[)]. Because malice is inferred from the totality of the circumstances, "[a]ctions of the accused that occur before, during, and after are admissible as evidence to show malice. Further, actions that attempt to conceal a crime or destroy evidence are also admissible to prove malice." Commonwealth v. Gonzalez, 858 A.2d 1219, 1223 (Pa. Super. 2004) (citations omitted).

Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence in this case established that [Priset], carrying a knife, entered the victim's home through an entrance not normally used by visitors. [Priset] then stabbed the victim in the chest, damaging the victim's heart and causing his death.

Priset, 2013 WL 11254791, at \*2-5.

This Court is bound by the state courts' previous factual findings regarding Priset's sanity at the time of the offense. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not overturn a state court's resolution of any claim that was adjudicated on the merits in a state court unless that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2). There is ample evidence supporting the court's determination that Priset was guilty but mentally ill. Moreover, a defendant found guilty but mentally ill, like Priset, "may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense." 42 Pa. C.S.A. § 9727. Priset's claim to the contrary is without merit. See Guy v. Moore, Civ. No. 04-129, 2005 WL 2104316, at *7 (E.D. Pa. Aug. 29, 2005).

## IV. CONCLUSION

For the foregoing reasons, Priset's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), is dismissed with prejudice. An appropriate Order follows.